FILED MAYME BROWN
CIRCUIT CLERK

2012 JUN 20 PM 3:42

IN THE CIRCUIT COURT OF HOT SPRING COUNTY, ARKANSAS

7th Judicial Circuit

BY _MMR_ D.C.

CRYSTAL J. BAILEY        -        PLAINTIFF

V.                                                    CASE NO. 30CV-12-151-1

LVNV FUNDING LLC AND
RESURGENT CAPITAL SERVICES L.P. AND
CAPITAL MANAGEMENT SERVICES, LP AND
FINANCIAL RECOVERY SERVICES, INC.
     -      DEFENDANTS

## COMPLAINT

Comes now the Plaintiff pro se and for her cause of action against the defendant, states:

1. The plaintiff is a resident of Hot Spring County, Arkansas.

2. The Defendant L.V.N.V. Funding is a foreign corporation. They do not appear to be registered with the Arkansas Secretary of State. Defendant Resurgent

Capital Services L.P. is registered with the Arkansas Secretary of State as a "Foreign Limited Partnership." (Exhibit 1)

3. Defendant: Financial Recovery Services, Inc. is not registered with the Arkansas Secretary of State. Defendant: Financial Recovery Services Inc. is registered with the Arkansas State Board of collection Agencies. (Exhibit 2)

4. Defendant: Capital Management Services, LP is not registered with the Arkansas Secretary of State. Defendant: Capital Management Services, LP is registered with the Arkansas State Board of Collection Agencies. (Exhibit 3)

5. Resurgent Capital Services LP lists a Registered Agent with the Arkansas Secretary of State as follows: THE CORPORATION COMPANY at 124 West Capitol Avenue, Suite 1900 in Little Rock, AR 72201.

6. On their website LVNV Funding acknowledges and endorses Resurgent Capital Services as the manager of their collection portfolio. In fact, LVNV Funding lists Resurgent Capital Services LP's phone number on their website, but does not list their own.

7. Jurisdiction and venue are proper for this Court.

8. Defendant LVNV Funding, sent original dunning letter to Plaintiff through their agent Hosto, Buchan, Prater, and Lawrence, P.L.L.C. on or about December 22, 2010, for an alleged debt with CAPITAL ONE.

9. Defendant's original dunning letter alleged a balance of $9539.58.

10. Defendant offered no proof of ownership of the alleged debt or documentation verifying alleged debt. Defendant provided no contact information or account number for CAPITAL ONE.

11. Plaintiff responded to original dunning letter with a Request for Validation mailed to Defendants agent: Hosto, Buchan, Prater, and Lawrence, P.L.L.C. on January 24, 2011. 15 USC 1692g.

12. Plaintiff's request for Validation was mailed certified and received by and signed for by Plaintiff's agent on January 26, 2011.

13. Plaintiff's letter included a request that Defendant not contact Plaintiff by telephone.

14. As of June 20, 2012 Defendant LVNV Funding has not provided the "Validation of Account" requested by the Plaintiff.

15. On or about June 29, 2011 Defendant: Financial Recovery Services, Inc mailed to Plaintiff an original dunning letter with an offer to settle the account.

16. On July 18, 2011 Plaintiff requested a Validation of Debt from Financial Recovery Services.

17. As of June 20, 2012 Defendant Financial Recovery Services, Inc. has not responded to Plaintiffs Request for Validation.

18. On September 26, 2012 Capital Management Services, LP mailed to Plaintiff an original dunning letter with an offer to settle the account.

19. On October 3, 2011 Plaintiff received an original dunning letter from Capital Management Services, LP stating that they had "been engaged by RESURGENT CAPITAL SERVICES, LP ... to resolve your delinquent debt of $10,264.79. (Exhibit 6B See attached)

20. Capital Management Services, LP included no documentation regarding ownership or validation of the alleged debt.

21. On October 4, 2012 Plaintiff mailed a request for validation of the account to Capital Management Services, LP

22. As of June 20, 2012 Defendant has not responded to Plaintiffs request for Validation.

23. Defendants incorporated the practice of transferring the responsibility for the debt from company to company to avoid the compliance requirements of the Fair Debt collection Practices Act. 5 USC § 1692G

24. Additionally Defendants have separately and collectively violated section 17-24-508(b) of Arkansas Statutes.

25. On January 26, 2011 Plaintiff mailed, via certified mail, a dispute to each of the three major credit reporting agencies regarding the alleged account. (Experian, Trans Union and Equifax)

26. Each of the credit reporting agencies requested verification of information from Defendant.

27. Defendant verified the rating of the alleged debt to each and every credit reporting agency in February 2011.

28. The Federal Trade Commission (Federal Trade Commission is responsible for enforcing the provisions of the Fair Debt Collection Practices Act) has issued opinion letters deeming the reporting of debt to a credit reporting agency as "continued collection activity."

29. On July 29, 2011 Plaintiff mailed, via certified mail, a dispute to each of the three major credit reporting agencies regarding the alleged account. (Experian, Trans Union and Equifax)

30. Each of the credit reporting agencies requested verification of information from Defendant.

31. Defendant verified the rating of the alleged debt to each and every credit reporting agency in August 2011.

32. On October 4, 2011 Plaintiff mailed, via certified mail, a dispute to each of the three major credit reporting agencies regarding the alleged account. (Experian, Trans Union and Equifax)

33. Each of the credit reporting agencies requested verification of information from Defendant.

34. Defendant verified the rating of the alleged debt to each and every credit reporting agency in October 2011.

35. Each and every request for investigation has been carried out by the three Credit Reporting Companies (TransUnion, Experian, and Equifax)

36. On August 9, 2011 Plaintiff mailed (via certified mail) another Request to Defendant Resurgent Capital Services to Validate the Debt. This letter was sent to the mailing address provided by the Defendant LVNV Funding through Experian Credit Reporting agency. This letter was returned by the Post Office "VACANT, UNABLE TO FORWARD.

37. This address has not been valid for several years.

38. Defendant LVNV Funding has purposely maintained this fictitious address in a effort to prohibit persons from contacting them.

39. On August 15, 2011 Plaintiff received a letter from Resurgent Capital Services. This letter included Defendants "Validation of Debt."

40. Defendants "Validation of Debt" does not conform to the Federal Trade Commissions opinion letter regarding what constitutes an acceptable Validation of Debt.

41. Resurgent Capital Services included no proof of ownership of the alleged debt or documentation verifying alleged debt.

42. On or about August 26, 2011 Resurgent Capital Services mailed another letter to Plaintiff. (Exhibit 6 See Attached) This letter states in part that Defendant has been "unable to establish contact" with Plaintiff.

43. In this letter dated Defendant suggests that the only way to resolve this account is by telephone within 21 days.

44. Plaintiff requested that Defendant not contact her by phone via certified mail on January 19, 2011. Therefore, contact by the Defendant by telephone would be a clear violation of the FDCPA.

45. It is clear from Defendants letters of August 8, 2011, August 12, 2011 and August 26, 2011 that Plaintiff possessed no actual documentation of the alleged debt they are trying to collect.

46. Defendant violated 15 USC 1692g on at least three separate occasions. First in June 2011 and again in August 2011, and again in October 2011 by continuing collection activity of the alleged debt after they had received a Request for

Validation and before they had adequately responded. On this count Plaintiff should be awarded $1,000 from each of the Defendants RESURGENT CAPITAL SERVICES L.P. AND CAPITAL MANAGEMENT SERVICES, LP AND FINANCIAL RECOVERY SERVICES, INC.

47. Defendant violated sections 15 U.S.C. § 1681s-2 and 15 U.S.C§ 1681g providing false information to a Credit Reporting Agency that was subsequently reported to Plaintiff. Plaintiff should recover from Defendant LVNV Funding $5.59 for the cost of Certified Mail sent to Defendants fictitious Post Office Box 740281 in Houston, TX.

48. Defendant violated 15 U.S.C. § 1681s-2 with respect to Defendants failure to investigate Plaintiffs claims regarding the accuracy of the alleged account. Plaintiff's actions or lack thereof constitute Willful Non-Compliance with the Fair Credit Reporting Act. And as such Plaintiff is entitled to recover damages under section 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $4,000.00 plus any punitive damages deemed reasonable by the Court, and for all costs herein paid and expended, plus post judgment interest at 5% per annum,

reasonable attorney fees, and for all other proper relief. Plaintiff intends to be represented by counsel at trial.

Plaintiff requests a trial by jury.

_____
Crystal Bailey - Plaintiff

# IN THE CIRCUIT COURT OF HOT SPRING COUNTY, ARKANSAS

## 7th Judicial District

## SUMMONS

Plaintiff:  **CRYSTAL BAILEY**

vs.  Case Number **30CV12-151-1**

Defendant: **LVNV FUNDING LLC AND RESURGENT CAPITAL SERVICES L.P. AND CAPITAL MANAGEMENT SERVICES, LP AND FINANCIAL RECOVERY SERVICES, INC.**

Plaintiff's attorney: Pro Se  Crystal Bailey 1045 Tom Loyd Cutoff, Malvern, AR 72104
Telephone 501.282.8594

THE STATE OF ARKANSAS TO DEFENDANTS: **LVNV FUNDING LLC AND RESURGENT CAPITAL SERVICES L.P. AND CAPITAL MANAGEMENT SERVICES, LP AND FINANCIAL RECOVERY SERVICES, INC.**

### NOTICE

1. You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached complaint.

2. The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a written answer or a motion under Rule 12 of the Arkansas Rules of Civil Procedure and there after appear and present your defense. Your pleading or answer must meet the following requirements:

   A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
   B. It must be filed in the court clerk's office within 30 days from the day you were served with this summons.

3. If you desire to be represented by an attorney you should immediately contact your attorney so that a response can be filed for you within the time allowed.

4. Additional notices: None

The claim asks for Judgment as follows:

| | |
|---|---|
| CLAIM AMOUNT | $4000.00 |
| COURT FEES | 165.00 |
| SUMMONS SERVICE | $100.00 |
| TOTAL AS OF JUNE 20, 2012 | $4265.00 |

Witness my hand and the seal of the court this       6-20-12
                                                    (date)

Clerk of HOT SPRING COUNTY, Arkansas

*Mayme Brown / Melissa Ramsey*
Clerk

[SEAL]

I, _____, Certify that I served the Within Claim

form on the Defendant, _____ at

_____ O'clock on _____ at _____

_____address.

X_____

IN THE CIRCUIT COURT OF HOT SPRING COUNTY, ARKANSAS
7TH JUDICIAL CIRCUIT

**CRYSTAL J. BAILEY**                                                              **PLAINTIFF**

V.                    **CASE NO. 30CV-12-151-1**

**LVNV FUNDING LLC;**
**RESURGENT CAPITAL SERVICES LP;**
**CAPITAL MANAGEMENT SERVICES, LP;**
**and FINANCIAL RECOVERY SERVICES, INC.**                    **DEFENDANTS**

### NOTICE OF FILING NOTICE OF REMOVAL

To:  Clerk
     Circuit Court of Hot Spring County, Arkansas
     Courthouse, 210 Locust St.
     P.O. Box 1220
     Malvern, AR  72104-1220

     Crystal J. Bailey
     1045 Tom Loyd Cutoff
     Malvern, AR  72104-8321

Pursuant to 28 U.S.C. §1446(d), you are hereby notified that on July 23, 2012, a Notice of Removal of this action was filed in the United States District Court for the Western District of Arkansas, Hot Springs Division.

A copy of the Notice of Removal is attached.

                                        Respectfully submitted,

                                        FUQUA CAMPBELL, P.A.
                                        425 West Capitol Avenue, Suite 400
                                        Little Rock, Arkansas 72201
                                        (501) 374-0200 – Telephone
                                        (501) 975-7153 – Facsimile

                            By:         _____
                                        Phil Campbell, Ark. Bar No. 81028

                                        ATTORNEY FOR DEFENDANTS
                                        LVNV FUNDING, LLC
                                        CAPITAL MANAGEMENT SERVICES, LP
                                        RESURGENT CAPITAL SERVICES, LP

## CERTIFICATE OF SERVICE

    I, Phil Campbell, do hereby certify that a true and correct copy of the foregoing document was sent to the following individuals, this 23rd day of July, 2012, via U.S. Mail:

Crystal J. Bailey
1045 Tom Loyd Cutoff
Malvern, AR  72104-8321

                                                                        _____
                                                                          Phil Campbell

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CRYSTAL J. BAILEY                                              PLAINTIFF

V.                          CASE NO. _____

LVNV FUNDING LLC;
RESURGENT CAPITAL SERVICES LP;
CAPITAL MANAGEMENT SERVICES, LP;
and FINANCIAL RECOVERY SERVICES, INC.                          DEFENDANTS


**CONSENT TO REMOVAL OF SEPARATE DEFENDANT FINANCIAL RECOVERY SERVICES, INC.**

Pursuant to 28 USC §1446(b)(2)(A), Financial Recovery Services, Inc., by and through its undersigned counsel, hereby joins in the Notice of Removal filed by LVNV Funding, LLC, Capital Management Services, LP, and Resurgent Capital Services, LP as fully as if it had executed and filed the Notice of Removal and further consents to the removal of the above-described action to this Court.

Respectfully submitted,

By: _____
Issa K. Moe
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 877-5000
ATTORNEY FOR DEFENDANT
FINANCIAL RECOVERY SERVICES, INC.

## CERTIFICATE OF SERVICE

I, Issa K. Moe, do hereby certify that a true and correct copy of the foregoing document was sent to the following individuals, this __23__ day of July, 2012, via U.S. Mail:

Crystal J. Bailey
1045 Tom Loyd Cutoff
Malvern, AR  72104-8321

_____